UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-7060-DMG (Ex)** | Date | February 14, 2023 |
| Title | *Mojan P. Shahsavar v. Bluemercury, Inc., et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DENYING MOTION TO REMAND [10]**

On September 29, 2022, Defendants Bluemercury, Inc. ("Bluemercury") and Macy's Inc. ("Macy's"), removed this action filed in state court, citing the Court's diversity jurisdiction. [Doc. # 1.] Plaintiff Mojan P. Shahsavar now moves to remand. [Doc. # 10.] On December 1, 2022, the Court vacated the hearing on the motion to remand ("MTR") and took the motion under submission. For the reasons discussed below, the Court **DENIES** the MTR.

**I.
BACKGROUND**

On July 25, 2022, Plaintiff filed this wrongful discharge and employment discrimination lawsuit against her former employers in state court. [Doc. # 1 at 2.[1]] Plaintiff alleges that during her employment, Defendants failed to accommodate her work-related medical condition and ultimately wrongfully terminated her. Before her termination, she had filed a workers' compensation claim. *Id.* at 18–19.

Although Plaintiff brings multiple state law claims, two are relevant to the MTR. First, she claims that Defendants retaliated against her under Cal. Gov't Code § 12490(h), a portion of California' Fair Employment and Housing Act ("FEHA") that prohibits employers from discriminating against employees who oppose FEHA-prohibited actions. Second, she brings a claim of wrongful termination in violation of public policy ("WTVPP"), citing § 12490(h) of the FEHA and a California workers' compensation statute (Cal. Lab. Code § 132a) as the source of the public policy allegedly violated. [Doc. # 1 at 24–27.] She seeks past lost wages, among other damages. *Id.* at 29.

---

[1] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-7060-DMG (Ex) | Date | February 14, 2023 |
|---|---|---|---|
| Title | *Mojan P. Shahsavar v. Bluemercury, Inc., et al.* | Page | 2 of 6 |

## II.
## DISCUSSION

### A. Legal Standard

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

### B. "Arising Under the Workmen's Compensation Laws"

Title 28, section 1445(c) of the United States Code prohibits the removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State." Plaintiff asserts that her case is not removable because her WTVPP claim and FEHA retaliation claims arise under California's workers' compensation laws. MTR at 10.

As relevant here,[2] Plaintiff alleges in support of her WTVPP claim that her termination was because of her worker's compensation claim activity and cites a portion of California's Labor Code, *i.e.*, § 132a. That statute provides:

> Any employer who discharges . . . or in any manner discriminates against any employee because . . . [she] has filed or made known [her] intention to file a claim for compensation with [her] employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased. . . . Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

Cal. Lab. Code § 132a(1). Section 132a provides recourse by filing a petition with the Worker's Compensation Appeals Board within one year of the discriminatory act. Cal. Lab. Code § 132a. In addition, aggrieved former employees have cited section 132a and brought WTVPP claims in

---

[2] Plaintiff also alleges WTVPP based on policy embodied in FEHA, Cal. Gov't Code §§ 12900–96, and government orders requiring individuals to self-quarantine following COVID-19 exposure. [Doc. # 1 at 26–27.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-7060-DMG (Ex)** | Date | February 14, 2023 |
|---|---|---|---|
| Title | ***Mojan P. Shahsavar v. Bluemercury, Inc., et al.*** | Page | 3 of 6 |

state and federal courts. *See, e.g.*, *Sandoval v. Mercedes-Benz USA, LLC*, No. CV 11-4255-DMG (JCGx), 2011 WL 9369968 (C.D. Cal. Aug. 12, 2011); *see also Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014) (setting forth the elements of a WTVPP claim as " (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm").

Although Plaintiff argues that her citation of § 132a in support of her WTVPP claim means that her WTVPP claim "arises under" a workers' compensation statute, the Court has already rejected this exact argument in another case. *See Sandoval*, 2011 WL 9369968, at *3 ("The common law wrongful discharge cause of action . . . is in addition to and independent of the workers' compensation scheme. . . ."). Plaintiff cites to no binding authority that would cause the Court to deviate from its prior conclusion on this issue. Although she cites to nonbinding authority to the contrary, the Ninth Circuit has not yet resolved this issue, and district courts in California have come to differing conclusions. *See Ramirez v. Saia Inc.*, No. 2:14-CV-04590-ODW, 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014) (cataloging cases).

Plaintiff also argues that her workers' compensation case is ongoing as a reason to remand, but Plaintiff's current workers' compensation claim proceedings are not dispositive of this claim— it is the actions Defendants allegedly took in relation to Plaintiff's workers' compensation claim activity *during and at the end of* her employment that form the basis for her WTVPP claim. Neither is the Court persuaded by her argument that "the court may have to make findings regarding the benefits Ms. Shahsavar has received in deciding whether there's an offset for any damages that are awarded in the civil case[.]" Reply at 2–3. Whether Plaintiff will receive benefits and whether those benefits would be offset from her damages in this case, should she prevail, is entirely speculative. That issue is not a persuasive reason to remand the entire action to state court at this preliminary stage.

Plaintiff's argument regarding her FEHA retaliation claim is even more attenuated.[3] The *prima facie* elements of such a claim are Plaintiff engaged in a protected activity, her employer subjected her to an adverse employment action, and there is a causal link between the protected activity and the action. *Iwekaogwu v. City of L.A.*, 75 Cal. App. 4th 803, 814 (1999). Thus, Plaintiff must show that filing a worker's compensation claim was protected activity under FEHA and that Defendants retaliated against her for it. Resolving these issues does not require the Court

---

[3] The portion of FEHA on which Plaintiff relies makes it illegal "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-7060-DMG (Ex)** | Date | February 14, 2023 |
|---|---|---|---|
| Title | *Mojan P. Shahsavar v. Bluemercury, Inc., et al.* | Page | 4 of 6 |

to adjudicate the worker's compensation claim or interpret the intricacies of workers' compensation law.

Finally, Plaintiff argues that since 2012, California law has been unclear as to whether a WTVPP claim may be brought on the basis of the public policy in § 132a. *See* MTR at 10 (citing *Dutra v. Mercy Med. Ctr. Mount Shasta*, 209 Cal. App. 4th 750 (2012)). Plaintiff asserts that *Dutra* created a split of California authority. But Plaintiff does not cite to any post-2012 California authority disagreeing with *Dutra*. Indeed, courts have readily reconciled *Dutra* with pre-2012 California Supreme Court authority. *E.g., Lopez v. Stone Brewing Co.*, No. D062431, 2013 WL 6797519, at *9 (Cal. Ct. App. Dec. 24, 2013). In any event, the Court need not opine on the state of California law about WTVPP claims in the context of this motion to remand. Whether the Court has diversity jurisdiction over this claim depends on whether Defendants have met the requirements in 28 U.S.C. § 1332 and whether the claim "aris[es] under" California workers' compensation law. *See* 28 U.S.C. § 1445(c). Regardless of the merits of the WTVPP claim, it does not "aris[e] under" § 132a.

**C. Complete Diversity**

The parties dispute whether Defendants are California citizens, specifically, whether either Defendant's principal place of business is in California.[4] It is undisputed that Plaintiff is a California citizen. MTR at 19; Opp. at 7.

A corporation has only one principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). A corporation's principal place of business is the "nerve center" where its "officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93. Under the nerve center test, a corporation's principal place of business is where that corporation's "high-level officers direct, control, and coordinate the corporation's activities"—normally, the corporation's headquarters, so long as that headquarters is not simply an office for holding board meetings. *Id.* The nerve center test is an objective inquiry that focuses on the corporation's "place of actual direction, control, and coordination." *Id.* at 97.

Plaintiff asserts that Macy's principal place of business is in California because Macy's has far more retail locations in California than in any other state, maintains its law department in San Francisco, and the Vice President of the legal department and Senior Counsel are located in California. [*See* Doc. 10-1 at 28 (directory of Macy's stores), 34–38 (Macy's senior counsel's and legal department's vice president's profiles).]

---

[4] There is no meaningful dispute that both Defendants are incorporated in Delaware. *See* Opp. at 9; *see generally* Reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-7060-DMG (Ex)** | Date | February 14, 2023 |
| Title | *Mojan P. Shahsavar v. Bluemercury, Inc., et al.* | Page | 5 of 6 |

Macy's relies on the declaration of Steven Watts, Macy's Law Department's senior counsel.[5]  Watts Decl. ¶ 2 [Doc. # 13-3].  Watts states that Macy's is a holding company with no employees, it does not operate the stores in California, and formerly its headquarters were split between New York City and Cincinnati, Ohio, but now the headquarters are solely in New York City.  *Id.* ¶¶ 2–5.  Of Macy's 27 officers, 13 are located in New York City, nine in Cincinnati, and only one in California.  *Id.* ¶ 7.  No chief officer resides in California.  Although meetings have been held virtually during the pandemic, in-person meetings are not held in California.  No management activities take place in California.  *Id.* ¶ 8.  Finally, according to Watts, neither of the personnel that Plaintiff identifies are officers or directors of either Defendant.  *Id.* ¶ 13.

There is some dispute between the parties regarding whether the two attorneys in California are employed by Macy's or by a subsidiary and whether they are corporate officers of Macy's.  *See* Reply at 8.  Even taking as true, however, Plaintiff's contentions on these points, the Court is persuaded that the principal place of business is not in California, in light of the other facts to which Watts attests.

As for Defendant Bluemercury, Plaintiff has filed a "Statement and Designation" from 2007, in which Bluemercury states that its principal executive office is in Washington, D.C. and provides the address of its principal California office.  [Doc. # 10-1 at 20.]  According to Watts, however, this Statement is outdated, after Macy's acquired Bluemercury.  Watts Decl. ¶ 14.  Bluemercury now has its corporate headquarters in Maryland.  Watts Decl. ¶ 10.  Of Bluemercury's 17 officers, one is in California, and the majority are in Cincinnati, Ohio or New York City.  *Id.* ¶ 11.  The directors are in either Florida or Ohio.  *Id.*  The key senior executives are in Maryland, including the CEO.  *Id.*  Finally, Bluemercury's 2022 Statement of Corporate Information states that Maryland is the location of the principal office and that it has no California office.  [Doc. # 13-3 at 6.]

Based on this evidence, the Court has little difficulty concluding that Bluemercury's and Macy's principal places of business are not in California, so that the parties are completely diverse.

### D. Amount in Controversy

In determining whether the removing party has met its burden, courts in the Ninth Circuit consider facts presented in the removal petition as well as any "'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'"  *Matheson v. Progressive*

---

[5] To the extent that Plaintiff argues Watts' declaration should be stricken as based on hearsay and improper legal conclusions (Reply at 7–8), the Court overrules the objections.  The portions of the declaration relevant to the analysis and cited herein do not constitute hearsay or improper legal conclusions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-7060-DMG (Ex)** | Date | February 14, 2023 |
| Title | *Mojan P. Shahsavar v. Bluemercury, Inc., et al.* | Page | 6 of 6 |

*Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Conclusory allegations regarding the amount in controversy will not suffice.  *Id.* at 1090–91.

Defendants provide evidence of lost back wages of nearly $150,000, relevant to Plaintiff's wrongful discharge claims.  [*See* Doc. 13-1 at 5–11.]  In the reply, Plaintiff raises no argument challenging this amount.  Defendants have met their burden to show the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### III.
### CONCLUSION

The MTR is **DENIED**.

**IT IS SO ORDERED**.